(21 App. Div. 160.)

PAGE BELTING CO. v. PARKER.

(Supreme Court, Appellate Division, Second Department. October 12, 1897.)

1. APPEAL—REVIEW—CONFLICTING EVIDENCE.
　　Defendant guarantied to plaintiff payment of the purchase of leather belting on four months' time by M. to the extent of $350. M. bought the same, and had it charged to "K. & M." There was conflicting evidence as to whether M. represented to plaintiff that he was buying it for himself, and was merely doing business under a firm name, or informed plaintiff that that firm consisted of other persons. Both sides requested the direction of a verdict. *Held* that, as there was evidence in support of the contention that M. was buying for himself, the decision of the court directing verdict for plaintiff would not be disturbed.

2. GUARANTY—CONSTRUCTION.
　　The sales were charged on October 19th, 21st, and 26th, and the last delivery made about November 1st. On November 13th plaintiff received from M. a four-months note for $350, signed "K. & M." It appeared that plaintiff was not only to deliver, but also adjust or "install," the belting. It did not appear that the delay was unreasonable. *Held* not to show an extension of time of payment beyond four months, so as to release the defendant.

Appeal from trial term.

Action by the Page Belting Company against Russell Parker. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

A. C. Shenstone, for appellant.

James Taylor, for respondent.

GOODRICH, P. J. The action was brought to recover for a bill of goods sold to Martin Murphy in pursuance of the following guaranty:

"Messrs. Chas. A. Schieren & Co., or N. Y. Leather Belting Co., or Page Belting Co.: I hereby guaranty the payment of the purchase of leather belting on four months' time by Martin Murphy to the extent of three hundred and fifty dollars ($350).　　　　　　　　　　　　　　　　　　Russell Parker."

The defendant contended that the sale was made to the firm of Keogh & Murphy, and that the plaintiff accepted the note of the firm, dated 12 days after the sale, payable in four months, and that thereby the guarantor was discharged. At the close of the case counsel for each party moved for a direction of a verdict, and the court directed a verdict for the plaintiff. The only question on this appeal, therefore, is whether there was evidence of the sale and delivery of the goods to Murphy instead of the firm of Keogh & Murphy, and whether the acceptance of the note of Keogh & Murphy, dated No-

vember 12th, payable in four months, worked a discharge of the guarantor. There was evidence tending to show the following facts: Murphy presented the guaranty to the manager of the plaintiff corporation about October 18th, and desired to purchase belting for a plant in Flushing, measurements for which were taken; and, a few days after, the goods were delivered, and some changes subsequently made. The price was $354. Martin stated to the agent that he was doing business under the style of Keogh & Murphy. The orders were entered on the plaintiff's book, "Sold to Keogh & Murphy" on October 19th, October 21st, and October 26th. On November 13th the plaintiff received a note, signed "Keogh & Murphy," for $330, payable in four months. Upon this evidence the learned trial judge was justified in holding that the sale was made to Murphy individually.

The defendant contends that the belting was all delivered in October and that the note of Keogh & Murphy was dated November 12th, some two weeks after the last delivery of goods, and that this worked a suspension of the plaintiff's right to collection beyond the four months named in the guaranty, whereby the defendant was discharged; and quotes the familiar principle that the contract of a guarantor is strictissimi juris. The contract, however, is not to be absurdly or unreasonably construed. In Bank v. Recknagel, 109 N. Y. 482, 490, 17 N. E. 217, the court held that in determining the respective obligations of the parties, based on their writings, the court should look at the surrounding circumstances, the situation and relation of the parties and the subject-matter of their negotiations; and that, where there is any uncertainty, the intention of the parties is so to be derived as to give the contract a fair and reasonable interpretation. In the present case it is in evidence that the belting was to be not only delivered, but adjusted, or, as the witness terms it, "installed." For this service a reasonable time should be allowed, and there is nothing to show that there was anything unreasonable in the delay of a few days, which might fairly be allowed to the purchaser to see whether the belting was satisfactory in character and working. We think the delay of 12 days did not release the defendant from his contract of suretyship. As to the charging of the goods to Keogh & Murphy, and taking their note, the evidence shows that the plaintiff's agent understood from Murphy that he was doing business under that name, but that the goods were sold on his order, and to him individually, so that the transaction was intended to be and was with him solely, irrespective of the firm or style under which he was doing business. It is true that Martin testifies that he told the plaintiff's agent that the firm of Keogh & Murphy was composed of his wife and the wife of Keogh, but, as the defendant requested the direction of a verdict, and did not request the submission of the question of fact to the jury, the most that can be said is that there was conflicting evidence which might have been submitted to a jury; but the learned court was justified in finding the testimony of the plaintiff to be true, and so directing a verdict.

Judgment affirmed, with costs. All concur.